IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No.7:25–CV–01399–FL–RN

**Michael D. Faulkner**,

    Plaintiff,

v.

**Wilmington Police Department**, et al.,

    Defendants.

**Order &
Memorandum & Recommendation**

Michael Faulkner says that someone tried to bludgeon him to death with a baseball bat. But according to Faulkner, local and state law enforcement have ignored his pleas to investigate his attempted murder. Faulkner, proceeding *pro se*, now sues[1] the State of North Carolina, a North Carolina city, a North Carolina county, along with several officials and Doe defendants. Faulkner seeks more than $100,000,000 in damages as well as an order from the court mandating an outside investigation into the attempted murder and the law enforcement response.

Along with his complaint, Faulkner has filed a motion to proceed *in forma pauperis*. Considering his affidavit, the court finds that he lacks the resources to pay the costs associated with his litigation and will allow him to proceed *in forma pauperis*. The District Court, however, should dismiss his complaint because he lacks standing to pursue a claim based on the failure to investigate or prosecute another person.[2]

---

[1] Faulkner claims this court has jurisdiction over this dispute under its federal question jurisdiction. Compl. § II. As his claims arise under 42 U.S.C. § 1983, this action is one that arises under the Constitution and laws of the United States. Thus, this court can hear this matter under the jurisdiction provided by 28 U.S.C. § 1332. But as discussed below, since Faulkner lacks standing, the court ultimately lacks subject-matter jurisdiction over this dispute.

[2] The presiding district judge referred this matter to a United States Magistrate Judge under 28 U.S.C. § 636. Aug. 13, 2025 Docket Entry. A magistrate judge may grant an IFP motion under 28 U.S.C. § 636(b)(1)(A). But a magistrate judge may only recommend an involuntary dismissal of an action. *Id*. § 636(b)(1)(B).

## I. Background

Faulkner alleges that in early 2014 an assailant struck him twice with a baseball bat in an attempt to kill him. Compl. at 4, D.E. 1. Faulkner states that he provided police with a trove of evidence, but local officials refused to consider it. *Id.* Faulkner even elevated his concerns to the North Carolina State Bureau of Investigation. *Id.* Yet his requests were met with "obstruction." *Id.*

Faulkner now sues the State of North Carolina, New Hanover County, the New Hanover County Sheriff's Office, the City of Wilmington, the Wilmington Police Department, and numerous state and local officials. *Id.* at 7–8. He asks the court to award him damages and to mandate a "full and independent" investigation into his attempted murder and the alleged law enforcement failures. *Id.* at 4–5.

## II. IFP Motion

Faulkner asks the court to allow him to proceed with this action without paying the required filing fee and other costs associated with litigation (colloquially known as proceeding *in forma pauperis* or IFP). The court may grant his request if he submits an affidavit describing his assets and the court finds that he cannot pay the filing fee. 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation "and still be able to provide himself and his dependents with the necessities of life." *Adkins* v. *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted).

The court has reviewed Faulkner's application and finds that he lacks the resources to pay the costs associated with this litigation. The court thus grants Faulkner's motion (D.E. 2) and allows him to proceed IFP.

### III. Screening Under 28 U.S.C. § 1915

Faulkner says the Defendants violated his constitutional rights when they failed to investigate an attempt to murder him in 2014. Faulkner states that despite his repeated requests, the Defendants did not investigate his allegations or arrest the alleged perpetrator. But even if his allegations are true, Faulkner is not entitled to relief in this court. Courts have repeatedly held that plaintiffs lack standing to challenge the non-prosecution or investigation of another. So the District Court should dismiss Faulkner's complaint for lack of subject-matter jurisdiction.

Though the court has determined that Faulkner may proceed IFP, it must also analyze the legal viability of claims contained in his complaint. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. Specifically, the court must dismiss any portion of the complaint it determines is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

Lack of subject-matter jurisdiction is not listed as a basis for dismissal under § 1915(e)(2). But a court has an independent obligation to assess whether it has subject-jurisdiction, and to dismiss any actions in which it does not. Fed. R. Civ. P. 12(h)(3); *Arbaugh* v. *Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

Federal courts only have subject-matter jurisdiction over matters that qualify as a case or controversy under Article III of the Constitution. *See TransUnion LLC* v. *Ramirez*, 594 U.S. 413, 423 (2021). To meet this requirement, a plaintiff must show, among other things, that they have "a personal stake in the outcome of the controversy[.]" *Baker* v. *Carr*, 369 U.S. 186, 204 (1962).

The Supreme Court discussed whether a person has a sufficient personal stake in a district attorney's decision not to prosecute a third party to establish standing in *Linda R.S.* v. *Richard D.*,

410 U.S. 614, 617 (1973). In that case, an unmarried mother sued in federal court to enjoin what she believed was the discriminatory enforcement of a child support statute. *Id.* at 614–15. She alleged that her child's father had not paid child support as required by law. *Id.* Although the law provided criminal penalties for those who violated it, when the mother asked the district attorney to prosecute her child's father, he refused to do so. *Id.* The district attorney based his decision on his view that the statute did not apply to children born out of wedlock. *Id.* The mother claimed that this interpretation violated the Fourteenth Amendment's Equal Protection Clause. *Id.* at 616. But a three-judge court dismissed her case for lack of standing. *Id.* at 615.

The Supreme Court affirmed the lower court's decision. It began by noting that plaintiffs must have a sufficient personal stake in litigation to satisfy Article III's case or controversy requirement. *Id.* at 616–17. And while the mother "does have an interest in the support of her child[,]" that interest was not sufficient to establish standing to sue over the district attorneys' decision not to prosecute her child's father. *Id.* at 619. It explained that the Court's "prior decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Id.* Those decisions established "that, in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Id.* And so it concluded that the lower court was "correct in dismissing the action for want of standing[.]" *Id.*

Faulkner does not claim he has standing to sue based on a failure to prosecute alone. He also argues that he has a cognizable claim because the defendants failed to conduct a proper investigation. Compl. at 4, D.E. 1. But federal courts regularly reject attempts to establish standing based on the investigation of a third party. *See Pratt* v. *Helms*, 73 F.4th 592, 595 (8th Cir. 2023) (holding that a party has no standing to sue based on a government official's failure to investigate

4

the alleged perpetrator of a crime); *Lefebure* v. *D'Aquilla*, 15 F.4th 650, 652–55 (5th Cir. 2021) (finding that a party lacks standing to sue based on a failure to investigate a third party); *Graves-Bey* v. *City & Cnty. of San Francisco,* 669 F. App'x 373, 374 (9th Cir. 2016) (concluding that "[d]ismissal of Graves-Bey's request for a criminal investigation and prosecution of defendants was proper because Graves-Bey lacks standing to compel the investigation or prosecution of another person."); *Cmty. for Creative Non-Violence* v. *Pierce*, 786 F.2d 1199, 1201 (D.C. Cir. 1986) (explaining that federal courts' "authority is non-existent" to hear claims challenging a decision not to investigate a third party).

These cases compel the conclusion that Faulkner lacks standing to sue the defendants over the lack of an investigation into the crime against him. *See Graves* v. *Haywood*, No. 5:19-CT-3043-FL, 2022 WL 945598, at *4 (E.D.N.C. Mar. 29, 2022) (holding that a plaintiff lacked standing because there is no "constitutional right to a thorough or complete investigation of [a citizen's] allegations."). Thus, the District Court should dismiss Faulkner's complaint as he lacks standing to assert his claims.[3]

IV. **Conclusion**

For all these reasons, the court grants Faulkner's IFP Motion (D.E. 2) but recommends that the District Court dismiss his claims without prejudice due to a lack of subject-matter jurisdiction.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared in this action. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically

---

[3] Further, while Faulkner's complaint does not cite any legal authority, his cause of action presumably rests on 42 U.S.C. § 1983. Because the attack occurred in 2014, the applicable statute of limitations has run. *See Wilson v. City of Jacksonville, North Carolina*, 682 F. Supp. 3d 481, 490 (Noting that § 1983 incorporates the applicable state law statute of limitations for personal injury which in North Carolina is three years).

note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: September 2, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge